UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VITAMIN HEALTH, INC.,
a Michigan corporation,

                                                    Case No.

        Plaintiffs,

                                                    Hon.

v

HARTFORD CASUALTY INSURANCE COMPANY,
an Indiana domiciled insurance company,

        Defendant.

_____

**COMPLAINT FOR DECLARATORY JUDGMENT
<u>AND BREACH OF CONTRACT</u>**

NOW COMES Plaintiff, Vitamin Health, Inc., by and through its attorneys, Wilson Young PLC, and for its Complaint for Declaratory Judgment and Breach of Contract, pursuant to 28 U.S.C. §2201 and Fed. R. Civ. P. 57, states as follows:

**<u>THE PARTIES</u>**

1.      Plaintiff Vitamin Health, Inc. ("Vitamin Health") is a Michigan corporation with its principal place of business in Farmington Hills, Michigan.

2.      Defendant Hartford Casualty Insurance Company ("Hartford") is an Indiana domiciled insurance company with its principal place of business in Hartford, Connecticut, and is authorized to issue insurance policies in the State of Michigan.

## JURISDICTION AND VENUE

3.      This action is brought pursuant to 28 U.S.C. §§2201-2202 and seeks a declaratory judgment as to the rights and obligations of the parties under several Hartford insurance policies for the claims asserted against Vitamin Health in the United States District Court, Western District of New York, and captioned as *Bausch & Lomb Incorporated v. Vitamin Health, Inc.*, Case No. 13-cv-06498-JWF (hereinafter referred to as the "Bausch & Lomb action").

4.      Pursuant to 28 U.S.C. §1332, this Court has original jurisdiction because the matter in controversy exceeds $75,000 and is between citizens of different states.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

6.      As the result of a dispute regarding the applicability of the Hartford insurance policies to the claims made in the Bausch & Lomb action, there is an actual case or controversy between the parties.

2

## THE UNDERLYING FACTS

7.     Both Vitamin Health and Bausch & Lomb make supplements for eye health.

8.     In 2001, the National Eye Institute ("NEI") of the National Institutes of Health completed a ten-year study of age-related macular degeneration ("AMD") and issued an Age-Related Eye Disease Study ("AREDS").

9.     The AREDS found that specific formulations of vitamins and minerals reduced the risk of developing AMD.

10.    In 2013, the NEI completed a second study of AMD and issued a second Age-Related Eye Disease Study ("AREDS 2").

11.    AREDS 2 recommended the addition of lutein and zeaxanthin to the vitamins and minerals recommended in AREDS and the removal of beta-carotene.

## THE BAUSCH & LOMB ACTION

12.    On September 16, 2013, Bausch & Lomb filed a Complaint against Vitamin Health in the Bausch & Lomb action.  (**Exhibit A**).

13.    On April 21, 2014, Bausch & Lomb filed a First Amended Complaint (the "FAC") against Vitamin Health in the Bausch & Lomb action. (**Exhibit B**).

14.   The Bausch & Lomb FAC alleges that Vitamin Health's Viteyes® products are marketed as AREDS 2 compliant but contain 25 mg zinc whereas Bausch & Lomb alleges that to be AREDS 2 compliant a product must contain 80 mg of zinc.  (**Exhibit B** at ¶37).

15.   The Bausch & Lomb FAC alleges that Vitamin Health, in its labeling, promotion and marketing of its Viteyes® products, has made false and/or misleading statements with regard to its compliance with AREDS 2. (**Exhibit B** at ¶40).

16.   The Bausch & Lomb FAC alleges Vitamin Health's Viteyes® products are marketed as competing products to Bausch & Lomb's PreserVision® products (**Exhibit B** at ¶41).

17.   The Bausch & Lomb FAC alleges that Vitamin Health's Viteyes® products being marketed and advertised as AREDS 2  compliant has caused Bausch & Lomb to suffer damages and lost sales of its competing  PreserVision® products (**Exhibit B** ¶41).

18.   The Bausch & Lomb FAC asserts three counts against Vitamin Health: Count 1: Patent Infringement of U.S. Patent No. 6,660,297 (the "297 Patent"); Count 2: Patent Infringement of U.S. Patent No. 8,603,522 (the "522 Patent"); and Count 3: False Advertising.

4

## THE HARTFORD POLICIES

19.    Hartford has issued its Spectrum insurance policies to Vitamin
Health since 2005 and through 2014:

Policy No.  33 SBA RU1326 DV issued for the policy periods of:

December 27, 2005 to December 27, 2006; (**Exhibit C**);
December 27, 2006 to December 27, 2007; (**Exhibit D**);
December 27, 2007 to December 27, 2008; (**Exhibit E**);
December 27, 2008 to December 27, 2009; (**Exhibit F**); and

Policy No. 33 SBA UF0967 SA; issued for the policy periods of:

December 27, 2009 to December 27, 2010; (**Exhibit G**);
December 27, 2010 to December 27, 2011; (**Exhibit H**);
December 27, 2011 to December 27, 2012; (**Exhibit I**);
December 27, 2012 to December 27, 2013; (**Exhibit J**);
December 27, 2013 to December 27, 2014; (**Exhibit K**).

20.    The insurance policies identified in paragraph 19 above
(collectively, "the Hartford insurance policies") provide both business
liability insurance coverage and umbrella liability insurance coverage to
Vitamin Health.

21.    The Hartford insurance policies are occurrence-based policies
that apply to occurrences during each policy period.

22.    The Hartford insurance policies provide Vitamin Health with
insurance coverage (defense and indemnity) for "personal and advertising
injury" occurring within each policy period.

5

23.    The Hartford insurance policies, at definition **17. d.,** define "personal and advertising injury" as injury arising out of the "disparage[ment] [of an] organization's goods, products or services."

24.    The Hartford insurance policies, at definition **17. f.,** define "personal and advertising injury" as injury arising out of the "copying in your "advertisement" [an] organization's "advertising idea" or style of "advertisement.""

## COUNT I - DECLARATORY JUDGMENT

25.    Vitamin Health restates and incorporates by reference the claims and allegations in paragraphs 1-24 of the Complaint as set forth herein word-for-word.

26.    Vitamin Health seeks a determination of the rights and duties of the parties and a declaration that the claims asserted in the *Bausch & Lomb* action in the FAC at Count 3 constitute covered claims and "personal and advertising injury" within the coverage of the Hartford insurance policies, that no exclusions contained within the Hartford insurance policies deny insurance coverage to Vitamin Health, and that the Hartford insurance policies provide defense and indemnity to Vitamin Health for these claims.

27.    Vitamin Health is not seeking insurance coverage (indemnity) from Hartford for the claims asserted against it in Count 1 of the FAC:

6

Patent Infringement of the 297 Patent or Count 2 of the FAC: Patent Infringement of the 522 Patent.

28.    Vitamin Health is seeking insurance coverage (defense) for its defense costs, attorneys' fees and expenses incurred in the defense of the Bausch & Lomb action.

29.    Vitamin Health is seeking insurance coverage (indemnity) for the claims asserted against it in Count 3 of the Bausch & Lomb FAC: False Advertising.

WHEREFORE, Plaintiff Vitamin Health, Inc., requests that this Honorable Court declare the rights, duties and obligations of the parties under the Hartford Casualty Insurance Company policies for the claims as set forth in the *Bausch & Lomb* action and with respect to the defense costs, expenses and indemnification of Plaintiff Vitamin Health, Inc., for the *Bausch & Lomb* action, plus interest, costs and attorneys' fees and any additional relief which this Honorable Court finds to be appropriate, equitable and/or just.

## COUNT II - BREACH OF CONTRACT

30.    Vitamin Health restates and incorporates by reference the claims and allegations in paragraphs 1-29 of this Complaint as set forth herein word-for-word.

7

31.    The Hartford insurance policies provide that it will pay the defense costs, charges and expenses incurred in the defense of "personal and advertising injury" claims asserted against Vitamin Health.

32.    The Hartford insurance policies also provide that it will indemnify Vitamin Health for damages arising from "personal and advertising injury" claims asserted against Vitamin Health up to its $1 million limit of liability per occurrence in the business liability coverage form and $4 million limit of liability per occurrence in the umbrella liability coverage form.

33.    Hartford has breached the terms of the Hartford insurance policies, and its contract with Vitamin Health, by failing and/or otherwise refusing to pay the defense costs, charges and expenses incurred by Vitamin Health in the *Bausch & Lomb* action and for the indemnification of Vitamin Health for "personal and advertising injury" claims in the *Bausch & Lomb* action asserted against Vitamin Health up to its $1 million limit of liability per occurrence in the business liability coverage form and $4 million limit of liability per occurrence in the umbrella liability coverage form.

34.    As a result of Hartford's breach of contract, Vitamin Health has suffered, and will suffer, damages in an amount in excess of $75,000.

WHEREFORE, Plaintiff Vitamin Health, Inc., requests that this Honorable Court enter a judgment in its favor against Defendant Hartford Casualty Insurance Company for all compensatory and consequential damages, in an amount in excess of $75,000, to which it is found to be entitled, plus 12% penalty interest pursuant to M.C.L. §500.2006, pre-judgment and post-judgment interest, costs and attorneys' fees and any additional relief which this Honorable Court finds to be appropriate, equitable and/or just.

Respectfully submitted,

Wilson Young PLC


/s/ Douglas Young
Douglas Young
Attorneys for Plaintiff
1 Woodward Ave., Suite 2000
Detroit, MI  48226
(313) 983-1235
dyoung@wilsonyoungplc.com
P43808

Dated:  January 9, 2014