UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

VITAMIN HEALTH, INC.,

    Plaintiff/Counter-Defendant,    Civil Action No. 15-10071
                                                      Honorable Sean F. Cox
v.                                                      Magistrate Judge Elizabeth A. Stafford

HARTFORD CASUALTY
INSURANCE COMPANY,

    Defendant/Counter-Plaintiff.
_____/

**ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL [R. 11] AND SETTING MOTION HEARING FOR NOVEMBER 13, 2015 AT 10:00 A.M.**

      Before the Court is Plaintiff Vitamin Health, Inc.'s motion to compel [R. 11], which the Honorable Sean F. Cox referred for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). [R. 12]. Pursuant to the local court rules, Defendant Hartford Casualty Insurance Company has until October 14, 2015 to file its response. E.D. Mich. LR 7.1. The Court will hold a hearing on **November 13, 2015** at **10:00 a.m.** regarding the motion.

      Prior to the hearing, the parties **must meet and confer** as required by E.D. Mich. LR 37.1. This meeting must be **in person**, and the parties must make a good faith effort to narrow the areas of disagreement. LR 37.1. Following the meeting, and by November 9, 2015, Plaintiff's counsel

must file a confirmation that the meeting has taken place and a list of the requests it still believes Defendant has insufficiently answered. Defendant must file a response by November 11, 2015 that specifies any documents that it has provided in an effort to satisfy its discovery obligations and the bases for any continuing objections.

As the parties seek to narrow the areas of disagreement, they should keep in mind the following principles of law. A party objecting to a request for production of documents as overly broad or burdensome must submit affidavits or other evidence to substantiate its objections. *In re Heparin Products Liab. Litig.*, 273 F.R.D. 399, 410-11 (N.D. Ohio 2011). On the other hand, "Where a party explains the difficulties that compliance would create, the requesting party must be heedful, and not simply knee-jerk dismissive of those explanations." *Id.* Although the scope of discovery of non-privileged matter is broad, a plaintiff may not "go fishing"; district courts have discretion to limit the scope of discovery when the requests are overly broad and unduly burdensome. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 457 (6th Cir. 2008). "Likewise, a party who reasonably perceives a discovery request from the opposing party as too broad or too vague to comply with may object to the request and seek clarification from the opposing party and the district court." *Id.*

Of further note, to the extent that Defendant is claiming privilege, it must provide a privilege log as described in Fed. R. Civ. P. 26(b)(5)(A)(ii). It may also seek a protective order. See E.D. Mich. LR 26.4.

**IT IS SO ORDERED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 2, 2015

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1). Unless ordered otherwise by the Court, the filing of an appeal to the District Judge does not stay the parties' obligations in this Order. See E.D. Mich. LR 72.2.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 2, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
